

June 21, 2021

<u>BY ECF</u>

The Honorable Claire C. Cecchi, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & United States Courthouse
50 Walnut Street, Room 5B
Newark, New Jersey 07102

Re:    *Angela Krivulka, individually and as Co-Executor of the Estate of Joseph*
       *Krivulka, v. Michael Lerner & Lowenstein Sandler LLP,*
       <u>Case No. 20-cv-09724-CCC-AME (D.N.J.)</u>

Dear Judge Cecchi:

        This firm represents Defendant Lowenstein Sandler LLP in the above-captioned action. We are writing on behalf of both our client and Defendant Michael Lerner, who is represented by O'Toole Scrivo, LLC.

        This letter is respectfully submitted in response to the June 17, 2021 letter (the "June 17 Letter") filed by Plaintiff Angela Krivulka, individually and as co-executor of the Estate of Joseph Krivulka. (ECF No. 54.)

        In the June 17 Letter, Plaintiff argues that Defendants' pending motion to dismiss for lack of subject matter jurisdiction (which has been *sub judice* for six months) should now be held in abeyance so that Plaintiff can conduct jurisdictional discovery.

        Plaintiff previously advised the Court on at least two occasions that jurisdictional discovery is <u>not</u> necessary:

                The parties have conferred as to the need for jurisdictional
                discovery prior to the Court's adjudicating Defendants' Motion to
                Dismiss Pursuant to Rule 12(b)(1) . . . and have agreed that such
                discovery is not necessary at this time.

ECF 37 at p. 1, December 10, 2020 letter from Plaintiff's counsel to Magistrate Judge Kiel; *see also* Plaintiff's December 14, 2020 letter to Magistrate Judge Kiel (ECF 41) at n.3.

        Now, Plaintiff contends that in an Arizona case in which Plaintiff and Defendant Lerner are parties, documents recently produced supposedly show a need for jurisdictional discovery in this case. According to Plaintiff, the documents are inconsistent with what Defendants stated in declarations that "both Mr. and Mrs. Krivulka believed they were domiciled in New Jersey"

Hon. Claire C. Cecchi                           - 2 -                           June 21, 2021

(June 17 Letter at 2.)  In fact, there is no inconsistency found in these documents.  These documents offer no new or material facts that affect the Court's decision on Joseph Krivulka's domicile at the time of his death.  Moreover, most of the supposed new information Plaintiff identifies in these documents is simply the same information she has pointed to from the outset (*e.g.,* that Mr. Lerner advised Ms. Krivulka to list Mr. Krivulka's New Jersey address on the death certificate)[1] — or is not relevant to the determination of domicile at Mr. Krivulka's death (*e.g.,* how Mr. Krivulka chose to take title to property a decade before he died).  Ultimately, the Arizona documents do not raise any questions about the unequivocal facts set forth in Defendants' papers, which establish that Joseph Krivulka was domiciled in New Jersey when he died and never changed his domicile from New Jersey to Arizona.

The issues described by Plaintiff in the June 17 Letter are issues related to the merits, not jurisdictional facts.  This is not surprising since at the same time that Plaintiff is asking this Court to allow jurisdictional discovery, Plaintiff is asking Magistrate Judge Espinosa, for the second time, to allow merits discovery, before the Court decides whether it has subject matter jurisdiction—even though Magistrate Judge Kiel issued a well-reasoned opinion in January 2021 (ECF 47), explaining why merits discovery should be held in abeyance until the Court decides subject matter jurisdiction.  As Magistrate Judge Kiel explained, "requiring defendants at this juncture to engage in discovery without knowing whether this Court has subject matter jurisdiction would present a clear tactical advantage" to Ms. Krivulka and "create a clear sense of hardship and inequity for defendants," (ECF No. 47, at 7:1-7).  *See also* Magistrate Judge Espinosa's later ruling agreeing with Magistrate Judge Kiel's decision. (ECF 53.)

Judge Kiel's reasoning is even more applicable now because it is apparent Plaintiff is seeking to utilize discovery in this matter to supplement her Arizona case and delay a ruling regarding domicile by this Court.  This is the exact "tactical advantage" that Judge Kiel warned should not be countenanced when he denied Plaintiff's prior requests to conduct discovery in advance of a decision on whether this Court has subject matter jurisdiction.

As Defendants explained most recently at pages 12-14 of their reply brief on the Motion to Dismiss (ECF 44), the issue that will determine diversity of citizenship is whether Joseph Krivulka changed his citizenship from New Jersey to Arizona prior to his death.  To decide this issue, the Court will need to consider the usual factors relating to citizenship (and domicile or residence) of an individual, and all such evidence bearing on that question is already before the

---

[1] The June 17 Letter is misleading in suggesting that the many documents evidencing New Jersey as Joseph Krivulka's domicile/ residence were prepared or overseen by Defendants.  In fact, up until the filing of Ms. Krivulka's lawsuit in Arizona almost 2 ½ years after Joseph Krivulka died, Ms. Krivulka herself repeatedly stated, under penalty of perjury, that Mr. Krivulka had been domiciled in New Jersey-- *see e.g.,* five gift tax returns signed by Ms. Krivulka, a federal estate tax return, and a New Jersey inheritance tax return.  All seven of these tax returns were signed 15 months after Mr. Krivulka's death, when Angela was represented by the Cravath law firm. It seems obvious that those tax returns signed by Ms. Krivulka after Mr. Krivulka's death, when she was represented by counsel of her choosing,  are more probative of Mr. Krivulka's domicile than Ms. Krivulka's self-serving allegations after she started the Arizona lawsuit; and notably, all those tax returns are *consistent* with what was listed on Mr. Krivulka's death certificate.

Hon. Claire C. Cecchi                      - 3 -                      June 21, 2021

Court in the parties' papers.[2] Defendants' alleged conflicts and alleged failure to advise—all of which are denied—relate to the merits, not jurisdiction.

     Accordingly, Defendants respectfully submit that the Court's decision as to subject matter jurisdiction should not be held in abeyance, and discovery should continue to be stayed—whether characterized as jurisdictional or merits discovery—pending the Court's determination as to subject matter jurisdiction.

                Respectfully submitted,

                */s/ Edward A. Friedman*

                Edward A. Friedman

cc: All counsel (via ECF)

---

[2] *See also* Defendants' Motion to Dismiss (ECF No. 13), explaining that Ms. Krivulka cannot meet her burden of proving Mr. Krivulka changed his domicile from New Jersey to Arizona, in the face of his stated intent to remain a New Jersey domiciliary and objective evidence demonstrating his continued ties to New Jersey through the date of his death. Ironically, the "evidence" offered by Ms. Krivulka in exhibits to the June 17 Letter <u>confirms</u> that Mr. Krivulka had no intent to change his domicile from New Jersey to Arizona. For example, Exhibit C, a January 6, 2018 email chain between Mr. Krivulka's estate lawyers written shortly before Mr. Krivulka died, states: "Death certificate/obituary *should reflect New Jersey domicile to effect Joe's wishes*." (emphasis added).